IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00036-REB-CBS

DEBORAH GANTOS

    Plaintiff

v.

UNITED STATES OF AMERICA;
ANTHONY SCAFFIDI;
JEFF REED;
LUIS SAENZ;
A.A. HOLT;
STEVEN HODGES;
E. BROOK FULLER;
CITY OF COLORADO SPRINGS, POLICE DEPARTMENT;
DET.SGT. ROBERT J. RYAN in his individual and official capacities;
SGT. J.P. RIGDON in his individual and official capacities;
OFFICER ROBERT WOLF, in his individual capacity;
OFFICER JIM WATERS, in his individual capacity;
OFFICER DARRYL JOHNSON, in his individual capacity.

    Defendants

---

## FIRST AMENDED COMPLAINT AND JURY DEMAND

---

Plaintiff, through her undersigned counsel, states her causes of action against the Defendants as follows:

### GENERAL ALLEGATIONS

1. Plaintiff is a resident of the City of Colorado Springs, State of Colorado.

2. At all times pertinent, Plaintiff resided at 3218 ½ W. Pikes Peak, Colorado Springs, Colorado, as a tenant of the owner of the property, Barbara Hughes.

3. Defendant United States of America is named as the proper party Defendant pursuant to the Federal Tort Claims Act for liability arising out of employees of the United States Postal Inspection Service and employees of the Colorado Springs Police Department who were loaned to the United States Postal Inspection Service working under that agency's direct supervision and control on February 10, 2005.

4. At all times pertinent, Defendant Anthony Scaffidi was acting within the scope of his employment as a Postal Inspector with the United States Postal Inspection Service, assigned as an External Mail Theft Specialist for the Denver Division of the United States Postal Inspection Service in Colorado Springs, Colorado.

5. At all times pertinent, Defendant Jeff Reed was acting within the scope of his employment as a Postal Inspector with the United States Postal Inspection Service in the Denver Division.

6. At all times pertinent, Defendants Postal Inspectors Saenz, Holt, Hodges, and Fuller were acting within the scope of their employment as Postal Inspectors with the United States Postal Inspection Service.

7. Defendant City of Colorado Springs is a municipal corporation and at all times pertinent did operate a Police Department pursuant to policies and procedures as well as customs and practices.

8. At all times pertinent, Defendant Det. Sgt. Robert Ryan was a detective sergeant with the Colorado Springs Police Department. He is sued in his individual and official capacities. Additionally and alternatively, at all times pertinent, Defendant Det. Sgt. Robert Ryan was a loaned employee to the United States Postal

Inspection Service and acted within the course and scope of that loaned employment.

9. At all times pertinent, Defendant Sgt. J.P. Rigdon was a sergeant with the Colorado Springs Police Department. He is sued in his individual and official capacities. Additionally and alternatively, at all times pertinent, Defendant Det. Sgt. J.P. Rigdon was a loaned employee to the United States Postal Inspection Service and acted within the course and scope of that loaned employment.

10. At all times pertinent, Defendants Officer Robert Wolf, Officer Jim Waters, and Officer Darryl Johnson were police officers employed by the Colorado Springs Police Department. They are sued in their individual capacities. Additionally and alternatively, at all times pertinent, Defendants Officer Robert Wolf, Officer J. Waters, and Officer Johnson were loaned employees to the United States Postal Inspection Service and acted within the course and scope of that loaned employment.

11. This action arises under the Constitution of the United States, Fourth Amendment and U.S.C. Title 28, Section 1343(b) as hereinafter more fully appears.

12. On February 8, 2005, U.S. Postal Inspector Anthony Scaffidi signed an affidavit in support of a warrant for search and seizure of the persons or premises at 3218 ½ W. Pikes Peak Avenue, Colorado Springs, Colorado and did obtain such warrant (hereafter "the Warrant") from the United States Magistrate Judge O. Edward Schlatter on February 8, 2005.

13. The sworn statements of Defendant Scaffidi in support of the Warrant were not

3

true as relating to the persons and premises at 3218 ½ W. Pikes Peak Avenue, Colorado Springs, Colorado.

14. Before and after obtaining the warrant for search and seizure of 3218 ½ W. Pikes Peak Avenue, Colorado Springs, Colorado, the U.S. Postal Inspection Service and the individual named Defendant Postal Inspectors, each or any of them, sought assistance for the execution of the Warrant from the City of Colorado Springs Police Department, the Douglas County Sheriff's Office and the Castle Rock Police Department and, in execution of the Warrant, the participating employees of the City of Colorado Springs Police Department, the Douglas County Sheriff's Office and the Castle Rock Police Department worked under the direct supervision and control of the United States Postal Inspection Service, in particular Defendant Scaffidi.

15. In the course of providing assistance to the U.S. Postal Inspection Service, members of the Colorado Springs Police conducted a "pre-raid scout of the target locations." It was noted at that time that the residence of 3218 W. Pikes Peak Avenue "was not typical of a normal target location" and that the purported "target" of 3218 ½ W. Pikes Peak Avenue was not identified by address on either utility records or a surveillance videotape.

16. The named individual Defendants, among others, participated in obtaining, and the execution of, the Warrant on February 10, 2005.

17. The Warrant was unreasonable insofar as it related to Plaintiff's residence at 3218 ½ W. Pikes Peak Avenue.

18. On February 10, 2005 at approximately 7:30 a.m., some or all of the named

4

individual Defendants, among others, some in full Tactical Uniform, arrived at the home and residence of the Plaintiff at 3218 ½ W. Pikes Peak Avenue, Colorado Springs, Colorado and did kick at the bottom of the front door of the Plaintiff's residence and did enter the Plaintiff's residence after they commanded Plaintiff to "open the door now". Plaintiff did open the door to the named individual Defendants, among others. Defendant Waters did grab Plaintiff's left arm and did command Plaintiff to get down on the floor, whereupon Plaintiff became hysterical and was screaming. Defendant Waters did continue to hold Plaintiff by her left arm and shoulder and did cause her clothes to rip and did inflict serious and permanent bodily injury to Plaintiff as she was held by Defendant Waters and then forced onto the floor. Defendant Johnson thereafter assisted Defendant Waters to restrain Plaintiff on the floor.

19. Following the search of Plaintiff's premises, and the seizure of Plaintiff's personal property including a computer for several months, no criminal activity was found to have occurred by Plaintiff or on Plaintiff's premises at 3218 ½ W. Pikes Peak Avenue.

20. As a result of the conduct of the Defendants, each or any of them, Plaintiff sustained a fracture of her humerus, a transverse fracture of the surgical neck as well as greater tuberosity comminuted fracture in her left shoulder and arm, requiring open reduction and fixation surgery, arthroscopic surgery, physical and mental pain and distress, past and future medical expenses, loss of income, and other economic and non-economic losses.

**FIRST CLAIM FOR RELIEF**

### (FTCA Claim Against United States)

21. Plaintiff incorporates the allegations above as if repeated herein.

22. Direct or loaned employees of the United States, acting within the scope and course of their employment, in the obtaining of the Warrant and in execution of the Warrant, owed duties to the Plaintiff and others but did breach those duties as follows:

    a. In unreasonably relying on the information of a Confidential Informant under the circumstances known to the employees of the United States, or which should have been known to the employees of the United States.

    b. In failing to confirm the accuracy of information they received that criminal activity was taking place at 3218 ½ W. Pikes Peak Avenue.

    c. In failing to confirm that the suspect involved in the alleged criminal activity under investigation had ever resided or been present at 3218 ½ W. Pikes Peak Avenue.

    d. In failing to exercise reasonable care in restraining Plaintiff, who was unarmed and in her nightclothes, to avoid causing her severe and permanent physical and emotional injury.

    e. In failing to exercise reasonable care to supervise individuals who restrained Plaintiff to avoid causing her severe physical and emotional injury.

    f. Seizing and maintaining for an unreasonable time Plaintiff's personal computer.

    g. In negligently pursuing the warrant for Plaintiff's residence at the time and

place executed when there was insufficient evidence to support a search of Plaintiff's residence on the date and time determined.

23. The United States is alternatively, or additionally, liable under the Federal Tort Claims Act for acts of its employees, or loaned employees, to Plaintiff which constituted an assault pursuant to 28 U.S.C. 2680(h) as follows:

   a. Direct or loaned employees of the United States, acting within the scope and course of their employment, intended to cause an offensive or harmful physical contact with the Plaintiff (or failed to intervene in other officers' intentional acts), or intended to place the Plaintiff in apprehension of such contact.

   b. Direct or loaned employees of the United States, acting within the scope and course of their employment, did place the Plaintiff in apprehension of immediate physical contact (or failed to intervene in other officer's acts to do so).

   c. The contact was harmful to Plaintiff.

24. The United States is alternatively, or additionally, liable under the Federal Tort Claims Act for acts of its employees, or loaned employees, to Plaintiff which constituted a battery pursuant to 28 U.S.C. 2680(h) as follows:

   a. Direct or loaned employees of the United States, acting within the scope and course of their employment, performed acts (or failed to intervene in other officers' intentional acts) which resulted in physical contact with the Plaintiff.

   b. Direct or loaned employees of the United States, acting within the scope

and course of their employment intended to make harmful or offensive physical contact with the Plaintiff (or failed to intervene in other officer's acts).

    c.    The contact was harmful to Plaintiff.

25. The United States is alternatively, or additionally, liable under the Federal Tort Claims Act for acts of its employees, or loaned employees, to Plaintiff which constituted a false imprisonment or false arrest pursuant to 28 U.S.C. 2680(h) as follows:

    a.    Direct or loaned employees of the United States, acting within the scope and course of their employment, intended to restrict the Plaintiff's freedom of movement (or failed to intervene in other officers' intentional acts).

    b.    Direct or loaned employees of the United States, acting within the scope and course of their employment, directly or indirectly restricted the Plaintiff's freedom of movement for some period of time (or failed to intervene in other officer's acts).

    c.    The Plaintiff was aware that her freedom of movement was restricted.

26. The above conduct of direct or loaned employees of the United States, acting within the scope and course of their employment, did cause injuries and damages to Plaintiff as more fully alleged above and Plaintiff hereby claims for same.

27. On March 15, 2006, Plaintiff presented her FTCA administrative claim to the United States Postal Service Office of Inspector General.

28. On August 1, 2006 the United States Postal Service did issue a written denial of

Plaintiff's Federal Tort Claims Act administrative claim constituting final disposition of the claim.

WHEREFORE, Plaintiff prays for a judgment against the United States in an amount which is fair and reasonable, together with post-judgment interest and costs.

## SECOND CLAIM FOR RELIEF

**(*Bivens* Claim Against Anthony Scaffidi; Jeff Reed; Postal Inspectors Saenz, Holt, Hodges, and Fuller; Det. Sgt. Robert J. Ryan; Sgt. J.P. Rigdon; Officer Robert Wolf; Officer Jim Waters; Officer Darryl Johnson)**

29. Plaintiff incorporates by reference the allegations above as if repeated herein.

30. At all times pertinent, Defendants Anthony Scaffidi; Jeff Reed; Postal Inspectors Saenz, Holt, Hodges, and Fuller; Det. Sgt. Robert J. Ryan; Sgt. J.P. Rigdon; Officer Robert Wolf; Officer J. Waters; and Officer Darryl Johnson were federal agents or parties acting in concert with federal agents.

31. Defendants Anthony Scaffidi; Jeff Reed; Postal Inspectors Saenz, Holt, Hodges and Fuller; Det. Sgt. Robert J. Ryan; Sgt. J.P. Rigdon; Officer Robert Wolf; Officer J. Waters; and Officer Darryl Johnson individually participated in the execution of the Warrant on Plaintiff's residence on February 10, 2005 in one or more of the following ways:

   a. Anthony Scaffidi, Jeff Reed, Luis Saenz, A.A. Holt and J.E. Fuller exercised direct control over the obtaining and execution of the Warrant on Plaintiff's residence including but not limited to:

      i. Reliance on the Confidential Informant who was unreliable, or whom Defendants should have known was unreliable;

    ii. Requesting assistance from the Colorado Springs Police Department for execution of an unreasonable Warrant on Plaintiff's residence;

    iii. Directing others to pursue execution of the Warrant at Plaintiff's residence when there were sufficient and reasonable concerns raised by others as to the accuracy of the Plaintiff's residence as housing criminal activity or a criminal suspect;

    iv. Directing the time, place and manner of the execution of the Warrant at Plaintiff's residence;

    v. Grossly negligent in supervising subordinates who obtained and executed the Warrant;

    vi. Deliberately indifferent to the rights of the Plaintiff by failing to act on information that reasonably demonstrated that Plaintiff's residence did not house criminal activity or a criminal suspect;

    vii. In seizing and retaining Plaintiff's personal property, including a personal computer, and holding said property, and depriving Plaintiff of said property, for an excessive and unreasonable amount of time.

b. Jeff Reed and Steven Hodges failed to supervise the Colorado Springs Police Department officers executing the Warrant at Plaintiff's residence and observed, or should have observed, the excessive force used on Plaintiff and otherwise failed to intervene to protect Plaintiff's constitutional rights.

32. Additionally, and alternatively to their individual participation, Defendants Scaffidi, Reed, Saenz, Holt, Hodges and/or Fuller failed to properly train, supervise and control each or any of the Defendants Scaffidi, Reed, Saenz, Holt, Hodges and/or Fuller as well as Det. Sgt. Robert J. Ryan; Sgt. J.P. Rigdon; Officer Robert Wolf; Officer J. Waters; and/or Officer Darryl Johnson in the execution of the Warrant on Plaintiff's residence on February 10, 2005 to protect Plaintiff's constitutional rights to be free from unreasonable searches and excessive force in the execution of a search warrant.

33. At the time of obtaining, and executing, the Warrant, principles of constitutional searches and seizures were well established under the Fourth Amendment to the United States Constitution.

34. The Fourth Amendment to the United States Constitution provides that Plaintiff would not be subject to unreasonable searches and seizures of her person.

35. The Defendants violated the Fourth Amendment as follows:

   a. The Warrant issued in this case was unreasonable in that it was not based on confirmed facts, but rather on the misinformation of a "confidential informant" which was not confirmed, but was called into question before the Warrant was executed and therefore provided no reasonable basis for the Defendants to conduct the search and seizure of Plaintiff and her residence and property.

   b. Notwithstanding the unconfirmed and questionable Warrant, the Defendants proceeded to act to seize Plaintiff and her property.

   c. The Defendants acted with excessive force to enter Plaintiff's residence,

11

thereby causing her to react with fear and hysteria.

    d.    One or more of the Defendants acted with excessive and unreasonable force to seize and restrain Plaintiff under the circumstances existing at the time of the execution of the Warrant.

36. As a result of the Defendants' violation of Plaintiff's Fourth Amendment constitutional rights to be free from unreasonable searches and seizures, Plaintiff sustained injuries and damages as more fully alleged above and hereby claims for same.

WHEREFORE, Plaintiff prays for a judgment against the Defendants Anthony Scaffidi; Jeff Reed; Postal Inspectors Saenz, Holt, Hodges and Fuller; Det. Sgt. Robert J. Ryan; Sgt. J.P. Rigdon; Officer Robert Wolf; Officer J. Waters; and Officer Daryl Johnson, jointly and severally, in an amount which is fair and just together with statutory interest from the date of the occurrence, costs, expert witness fees and attorneys fees.

## THIRD CLAIM FOR RELIEF

### (Section 1983 Violations through unconstitutional Policies and Procedures of the Defendant City of Colorado Springs)

37. Plaintiff incorporates by reference the allegations above as if repeated herein.

38. The City of Colorado Springs, through its Police Department, authorized and approved policies and procedures, including ones which directed the procedures under which the Colorado Springs Police Officers would accompany U.S. Postal Inspectors in executing a federal search warrant within the City of Colorado Springs.

39. Plaintiff's constitutional right to be free of unreasonable searches and seizures

was violated by the Defendant City of Colorado Springs when:

a. The policy or custom of the Defendant was to direct its employees to participate in searches and seizures of the United States Postal Service without any independent confirmation of the reasonableness of the search or seizure.

b. Before February 10, 2005, the City had received prior complaints and allegations of excessive force by its police employees, including one or more of the Defendants, and failed to respond to those complaints and allegations by additional or supplemental training on the use of force by its police officers, in particular the TEU officers.

40. Defendant's conduct, as alleged in detail above, showed their deliberate indifference and recklessness towards Plaintiff's constitutional rights under the Fourth Amendment, which conduct viewed in total, shocks the conscience.

41. Defendant knew, or reasonably should have known, that its policy and procedures which failed to comply with the Fourth Amendment of the United States Constitution would likely result in violation to the constitutional rights of citizens of the City of Colorado Springs.

42. As a result of Defendant's conduct, Plaintiff suffered injuries and damages as more fully alleged above in this Complaint and hereby claims for same.

WHEREFORE, Plaintiff prays for a judgment against the Defendant, City of Colorado Springs, in an amount which is fair and just together with statutory interest from the date of the occurrence, costs, expert witness fees and attorneys fees.

## FOURTH CLAIM FOR RELIEF

(Section 1983 Violations by Defendants Det. Sgt. Robert J. Ryan in his individual and official capacities; Sgt. J.P. Rigdon in his individual and official capacities; Officer Robert Wolf, in his individual capacity; Officer J. Waters, in his individual capacity; Officer Johnson, in his individual capacity)

43. Plaintiff incorporates by reference the allegations above as if repeated herein.

44. At all times pertinent, Defendants Det. Sgt. Robert J. Ryan, J.P. Rigdon, Officer Robert Wolf, Officer J. Waters, and Officer Johnson acted under color of state law.

45. At the time of obtaining, and executing, the Warrant, principles of constitutional searches and seizures were well established under the Fourth Amendment to the United States Constitution.

46. The Fourth Amendment to the United States Constitution provides that Plaintiff would not be subject to unreasonable searches and seizures of her person.

47. The Defendants violated the Fourth Amendment as follows:

    a. The Warrant issued in this case was unreasonable in that it was not based on confirmed facts, but rather on the misinformation of a "confidential informant" which was not confirmed, but was called into question before the Warrant was executed and therefore provided no reasonable basis for the Defendants to conduct the search and seizure of Plaintiff and her residence and property.

    b. Notwithstanding the unconfirmed and questionable Warrant, the Defendants proceeded to act to seize Plaintiff and her property.

    c. The Defendants acted with excessive and unreasonable force to enter

Plaintiff's residence, thereby causing her to react with fear and hysteria.

d. The Defendants acted with excessive and unreasonable force to seize and restrain Plaintiff under the circumstances existing at the time of the execution of the Warrant.

e. In seizing and retaining Plaintiff's personal property, including a personal computer, and holding said property, and depriving Plaintiff of said property, for an excessive and unreasonable amount of time.

48. As a result of the Defendants' violation of Plaintiff's Fourth Amendment constitutional rights to be free from unreasonable searches and seizures, Plaintiff sustained injuries and damages as more fully alleged above and hereby claims for same.

WHEREFORE, Plaintiff prays for a judgment against the Defendants Det. Sgt. Robert J. Ryan, J.P. Rigdon, Officer Robert Wolf, Officer J. Waters, and Officer Johnson, jointly and severally, in an amount which is fair and just, together with statutory interest from the date of the occurrence, costs, expert witness fees and attorney fee.

**Plaintiff herein demands a trial by jury on all issues so triable.**

Dated this 5th day of July, 2007.

Respectfully submitted,

SEARS & SWANSON, P.C.

By: _____ /s/ Victoria C. Swanson _____

Victoria C. Swanson
Hollie L. Wieland
2 N. Cascade Ave., Ste. 1250
Colorado Springs, CO  80903
(719) 471-1984
FAX: (719) 577-4356
victoria@searsandswanson.com
hollie@searsandswanson.com

**Plaintiff's Address:**
3218 ½ W. Pikes Peak Ave.
Colorado Springs, Co. 80904